UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR T. MOORE,

       Plaintiff,

v.                                                                          Case Number: 11-cv-13527
                                                                            HON. AVERN COHN
GEORGE B. MULLISON,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 7)

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On September 13, 2011, the Court dismissed the complaint because plaintiff's claims—all relating to his attorney's performance—failed to state claims upon which habeas relief could be granted. (Doc. 6). Before the Court is plaintiff's motion for reconsideration. For the reasons that follow, the motion will be denied.

### II. Legal Standard

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7 .1(h)(3). A motion that merely presents the same issues already ruled upon by the Court will not be granted. Id. Similarly, motions to alter or amend judgment pursuant to Federal Rule

of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp., Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). A motion brought pursuant to Local Rule 7.1(h) must be filed no later than fourteen days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). A motion brought pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e).

### III. Discussion

As an initial matter, plaintiff's motion is untimely under both the Local Rule and the Federal Rule. It was filed four months after the Court's September 13, 2011 dismissal order. Thus, it can be denied on this ground.

Moreover, even assuming the motion was timely, it does not present a basis for reaching a different outcome in this case. Plaintiff fails to present any arguments in his motion demonstrating a palpable defect in the Court's prior decision, an error of law, newly discovered evidence, a change in controlling law, or manifest injustice warranting relief.

Finally, to the extent that plaintiff seeks to amend his complaint in order to cure a defect in his initial pleadings, his motion must be denied given the Court's dismissal of his civil rights complaint. The Court may not permit Plaintiff to amend his complaint to avoid defeat summary dismissal. Clayton v. United States Dep't of Justice, 136 F.App'x 840, 842 (6th Cir. 2005) (citing Baxter v. Rose, 305 F.3d 486, 488-89 (6th Cir. 2002)).

### III.  Conclusion

For the reasons stated above, plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

                                       S/Avern Cohn  
                                       AVERN COHN  
                                       UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2012

I hereby certify that a copy of the foregoing document was mailed to Leonarr Moore, 527598, Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 and the attorneys of record on this date, February 1, 2012, by electronic and/or ordinary mail.

                                       S/Julie Owens  
                                       Case Manager, (313) 234-5160